UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:16-CV-14162-ROSENBERG/MAYNARD

JAMES P. CROCKER,

    Plaintiff,

v.

DEPUTY SHERIFF STEVEN
ERIC BEATTY, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration [DE 285]. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

Plaintiff's Motion for Reconsideration stems from the Court's prior Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment [DE 176]. Plaintiff seeks reconsideration of the Court's prior Order four hundred and forty days after the Order was entered. During that four hundred and forty days, the Order was affirmed on appeal,[1] the Court conducted a jury trial on Plaintiff's claims that survived the Order, and Plaintiff prevailed at trial.

As an initial matter, Plaintiff's Motion for Reconsideration is denied as untimely. Pursuant to Rule 60(c) of the Federal Rules of Civil Procedure, a Motion for Reconsideration of an order must be filed "within a reasonable time." A delay of four hundred and forty days is not a reasonable time. *E.g., Days Inn Worldwide Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (finding that eleven months was not a reasonable time); *see also In re Matthews*, No. 13-BK-14761, 2015 WL 1778297 (Bankr. M.D. Fla. Apr. 15, 2015) (finding that even a delay of a few weeks was unreasonable);

---

[1] Only a portion of the Order was appealed—other portions have yet to receive appellate review.

*Pouyeh v. Univ. of Ala.*, No. 12-CV-4198, 2014 WL 11353141 (N.D. Ala. Mar. 11, 2014) (finding that a delay of eight months was unreasonable); *Nat'l Cap. Mgmt., LLC v. Herman*, No. 11-CV-9, 2011 WL 4531736 (Bankr. M.D. Fla. Sept. 29, 2011) (seven months unreasonable). Even though this case was stayed pending Defendants' interlocutory appeal, "the pendency of an appeal does not toll the time period in which a complainant has to file a [motion for reconsideration]." *Stoecklin v. U.S.*, No. 89-CIV-182, 1997 WL 1038210, at *3 (M.D. Fla. Nov. 7, 1997); *see also Pierce v. Kyle*, 535 F. App'x 783, 785 (11th Cir. 2013). A "reasonable time" is determined by the facts of each case, *Nucor Corp. v. Nebraska Public Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993), and, here, Plaintiff could have filed his Motion for Reconsideration before Defendants' appeal, during Defendants' appeal,[2] or immediately after Defendants' appeal. Plaintiff elected not to do so, instead choosing to wait until almost three months after this case returned from appeal to file his Motion. For all of the foregoing reasons, Plaintiff's Motion for Reconsideration is untimely and is denied.

Even if the Court were to put aside the untimeliness of Plaintiff's Motion, however, the Motion must still be denied as it is premised upon improper grounds. "The law is clear that evidence which *was available to a party* during the pendency of a motion for summary judgment may not later be introduced on a motion to reconsider." *Prieto v. Storer Comms., Inc.*, 152 F.R.D. 654, 655 (M.D. Fla. 1994) (emphasis added) (citing *Morgan v. Harris Trust & Savings Bank*, 867 F.2d 1023, 1028 (7th Cir. 1989)). Nonetheless, Plaintiff's Motion is premised upon trial testimony from both Defendant Beatty and an expert, Dr. Hough. Plaintiff chose not to depose Dr. Hough in this case. Plaintiff cannot elect not to depose Dr. Hough and then, after eliciting testimony from him at trial, use that testimony as grounds to reconsider summary judgment. *Id.; see also Pubs. Resource, Inc. v. Walker-Davis Pubs.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion for

---

2 The portion of the Court's prior Order challenged in the Motion for Reconsideration was not appealed.

reconsideration is improper vehicle to introduce new evidence which could have been adduced during summary judgment proceeding).

Similarly, Plaintiff was deposed in this case, and Plaintiff's testimony at trial did not deviate from his deposition testimony. At trial, Defendant Beatty testified that he believed his seizure of Plaintiff's iPhone was consistent with his training.[3] This was not newly discovered evidence (a permissible ground for reconsideration) nor was this a shocking revelation at trial—Defendant Beatty previously testified in his deposition that he believed his actions were consistent with his training. *E.g.,* DE 154-5 at 32-52. By way of example Defendant Beatty testified at his deposition as follows:

> Q: So as it stands right now, you still believe that [your seizure was] permissible, right?
>
> A: Yes, sir.
>
> Q: And you wouldn't hesitate to do that again?
>
> A: No, sir.

*Id.* at 50. Even if Defendant Beatty's testimony at trial *was* new evidence, Plaintiff still could not use such testimony in support of his Motion for Reconsideration because of Plaintiff's prior opportunity to depose Defendant Beatty. *Prieto*, 152 F.R.D. at 655 ("If the evidence became available to the plaintiff well before the motion for reconsideration, the evidence will not be considered."); *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982) ("The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment . . . [a motion for reconsideration] cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment

---

3 Plaintiff has not attached or cited to a trial transcript in his Motion, however, the statements at trial referenced herein are, according to the Court's recollection, abundantly supported in the trial record.

motion.") (*aff'd*, 736 F.2d 388). Plaintiff presses no argument that he was somehow prevented at summary judgment from exploring certain topics related to training with Defendant Beatty—this is fatal to Plaintiff's argument. *See Engelhard Indus v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963) (on a motion to reconsider a party is "obligated to show not only that his evidence was newly discovered or unknown to it . . . but also that it *could not have been discovered*." (emphasis added)).[4] Finally, Plaintiff was permitted a plethora of discovery in this case from the entity that employed Defendant Beatty and provided him with training—Defendant Beatty is but one employee of that entity. *See City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city."). The Court's analysis on summary judgment extended far beyond a single employee and examined, in great detail, Plaintiff's evidence of Defendants' policies and training. The Court sees no reason to reconsider.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 285] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of November, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

4 It is unclear whether Plaintiff also attempts to rely upon a media report issued after the conclusion of trial in this case reporting that the Defendant Sheriff's Office would provide new and additional training to its employees. If Plaintiff did intend to rely upon this media report, it would be inadmissible evidence as a subsequent remedial measure. Fed. R. Evid. 407. But, in any event, this evidence falls woefully short of the sort of evidence necessary to reconsider an order on summary judgment four hundred and forty days after the order was entered.